NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL YAROSH, JR. Individually and derivatively on behalf of FOX DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAROLE SALKIND, et al., <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 04-cv-1816 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

Before the Court is Plaintiff's motion objecting to Paragraph One of Magistrate Judge Falk's May 15, 2007 Order denying Plaintiff's Motion to Compel pursuant to Fed. R. Civ. P. 72(a). Judge Falk made his determination after a hearing on April 17, 2007. After reviewing the parties' submissions, and based on the following, it is the finding of this Court that Judge Falk's Order is affirmed and Plaintiff's motion is **denied**.

I.   BACKGROUND

Plaintiff asserts ownership of 50% of a corporation which developed a housing project, but admits that there is no writing, agreement or stock certificate to support his alleged status. Judge Falk decided to bifurcate discovery in this case in order to avoid the possibility of prejudice to Defendants before the ownership/standing issues were resolved.

On March 25, 2006, Judge Falk signed an Order bifurcating discovery in this case

("Bifurcation Order"). Pursuant to the Bifurcation Order, the initial phase of discovery was to solely address the question of whether Plaintiff owned an equity interest in Fox Development Co. Inc. ("Fox") as a shareholder, partner, or otherwise, or was somehow cheated out of such an interest. Additionally, Judge Falk ordered that Plaintiff's assertion that over $30,000,000 of Fox's financial transactions were an improper diversion of funds from Fox which damaged Fox and Plaintiff should be dealt with in the second phase of discovery.

On March 9, 2007, Plaintiff filed a motion to compel the production of documents from Fox. On May 15, 2007, Judge Falk ruled said documents did not relate to Plaintiff's ownership interest as permitted by Stage One discovery, but to the diversion of funds issue, which was to be dealt with in Stage Two discovery. Specifically, Plaintiff requested that Fox produce "Quickbook Ledgers", copies of canceled checks and copies relating to 10,000 and 11,000 series checks of Fox's financial holdings.

On March 27, 2007 (before the motion to compel was decided), Plaintiff moved to vacate the Bifurcation Order entered on March 29, 2006. On April 12, 2007, this Court denied Plaintiff's motion to vacate. In his motion to vacate, Plaintiff never argued that the discovery requests fell within Stage One discovery, but rather, that the Bifurcation Order should not have been entered. On May 25, 2007, Plaintiff moved to reverse Judge Falk's ruling that Plaintiff's document requests were outside the scope of Stage One discovery. Judge Falk noted in the April 17, 2007 hearing that Fox's financial transactions are not included in Stage One discovery. (Hearing, p. 54). Plaintiff is now moving to compel the production of Fox financial transactions because Plaintiff argues that a jury could infer from these financial records that Defendant Salkind intentionally inflated Fox's expenses in order to deprive Plaintiff of his share of profits, which would show that Plaintiff has an ownership

interest in Fox.

## II.   STANDARD OF REVIEW

Both the enabling provision of the Federal Magistrates Act, 28 U.S.C. §636(b)(1), and Fed.R.Civ.P. 72(b) mandate that the Judge to whom the case is assigned shall make a de novo determination as to those issues to which an objection is raised. See Cataldo v. Moses, 361 F. Supp. 2d 420, 426 (D.N.J. 2004). The Court may rely solely on the record developed before the Magistrate Judge, or may take such additional evidence or testimony as the Judge deems necessary or appropriate. See Id. 425-26.

## III.   DISCUSSION

Since the Bifurcation Order expressly states that financial transactions are not included in Stage One discovery, Judge Falk's ruling that Plaintiff's motion to compel the production of financial documents is denied is clearly not an abuse of discretion. Judge Falk noted that Plaintiff's argument that the documents sought to be produced are relevant to Stage One discovery in that they relate to Plaintiff's ownership interest, is "strained at best". (Hearing, p. 54). Plaintiff has produced nothing to evidence this inference, other than his argument that a jury could make such an inference. It seems as though Plaintiff is taking every avenue in order to avoid complying with the Bifurcation Order. Judge Falk, after hearing extensive argument on both sides, decided that the type of discovery Plaintiff seeks is not within Stage One discovery. (Hearing, pp. 40-54). After reviewing the transcript and the parties' submissions, this Court sees no reason to reverse Judge Falk's decision. As such, Plaintiff's motion objecting to Paragraph One of Judge's Falk's May 15, 2007 Order is **denied**.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's Motion objecting to Paragraph One of the May 15, 2007 Order denying Plaintiff's motion to compel responses to Plaintiff's amended first request for production of documents is **denied.** An appropriate Order accompanies this Opinion.

                                                       Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | December 19, 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |